OPINION AND JOURNAL ENTRY
This cause comes on appeal from a judgment of the Mahoning County Common Pleas Court sustaining a motion to enforce a worker's compensation settlement agreement previously agreed to in the amount of Forty-Two Thousand Dollars ($42,000.00).
On December 18, 2000, this court entered an order overruling a motion to dismiss filed by "Intervenor-Plaintiff-Appellee" Attorney Richard P. Gibbs. It is argued in the motion to dismiss that the order appealed was not final for the reason that the trial court had pending before it an intervening complaint filed by Attorney Gibbs, seeking his attorney fees for negotiating a settlement with the Bureau of Workers' Compensation for his former client, Kathy J. Myers, appellant herein. As noted in this court's December 18, 2000 entry it could be gleaned from the record that Attorney Richard Gibbs had, in fact, negotiated a worker's compensation settlement on behalf of his client. She later withdrew consent to the agreement. Attorney Gibbs withdrew as her counsel and asserted a claim for attorney fees in the amount of $14,000.00, representing the amount of his contingency fee interest.
The action below commenced on June 1, 1999 with the filing of an R.C.4123.512 Notice of Appeal from an order of the Industrial Commission and a Petition on Appeal, Workers' Compensation, to participate under the Workers' Compensation Act of Ohio. Subsequently, by order filed on April 12, 2000, following a pre-trial hearing, the matter was settled and dismissed for $42,000.00 and included all claims of the injured Plaintiff. Plaintiff signed the entry of settlement. After Plaintiff refused to sign the tendered release, the Administrator filed a Motion to Enforce the Settlement Agreement. On June 8, 2000, a hearing was held wherein Attorney Richard Gibbs was granted leave to withdraw as Plaintiff's counsel. Plaintiff was granted 30 days to secure other representation and to respond to the motion to enforce settlement. Plaintiff did secure other representation and filed a memorandum in opposition to enforce the settlement agreement.
On July 28, 2000, Attorney Gibbs (former counsel for Plaintiff) filed a motion to intervene and to file a cross-complaint for his fees earned by the negotiated settlement. On August 3, 2000, the motion was sustained. The verified complaint of Intervenor was styled as an action to enforce charging lien; breach of contract; quantum meruit recovery; and action for TRO and preliminary injunction.
On October 11, 2000, the lower court issued a temporary restraining order enjoining the Ohio Bureau of Workers' Compensation from disbursing settlement monies without first setting aside $16,000.00 as a claimed contingency fee and expenses.
Thereafter, the trial court applied this district's decision in Macekv. Administrator Bureau of Workers' Compensation (Dec. 21, 1999), Columbiana App. No. 99-CO-6, unreported, which held that a "cooling off" period did not apply to appeals under R.C. 4123.512 and, therefore, the motion to enforce the settlement agreement was sustained. This appeal followed.
As stated earlier, this court overruled intervenor's motion to dismiss this appeal for lack of a final order. In addressing such motion this court referenced this court's decision announced in Lonas v. Kail (Jan. 25, 2000), Harrison App. No. 491, unreported, as well as the statutory language of R.C. 4123.512 that the only parties to an administrative appeal are the administrator, the claimant and the employer.
In retrospect, this case is factually different than Lonas, supra, and the principle of law announced therein is not applicable to this case. InLonas, the claimant filed a fee dispute with the Industrial Commission, which found that $10,700.00 received by the law firm on a benefit award of $61,637.11 to be a reasonable legal fee. Notwithstanding that award, counsel filed a breach of contract action alleging that an additional $15,545.71 was owed pursuant to the contingency fee contract. The trial court found that the Industrial Commission did not have exclusive jurisdiction to resolve the fee dispute and proceeded to award judgment to the plaintiffs in the amount of $15,545.71 plus interest. On appeal, appellant argued that the trial court lacked subject matter jurisdiction. We agreed.
Under authority granted by the Revised Code, the Industrial Commission adopted Ohio Adm. Code 4121-3-24 which states in pertinent part:
 "(B) When a controversy exists between a party and his representative concerning fees for services rendered in industrial claims, either party or the representative may make a written request to the commission to resolve the dispute. The commission shall set the matter for special hearing and inquire into the merits of the controversy. The commission shall fix the amount of a reasonable fee, if any fee be due the representative, and the decision of the commission shall be binding upon the parties to the dispute."
Further, under Ohio Adm. Code 4123-3-24:
 "When a controversy exists between a party and his representative concerning fees for services rendered in industrial claims, either the party or the representative may make a written request to the commission to resolve the dispute. Such request must be completed and filed in accordance with the rules of the industrial commission, the matter being within the exclusive jurisdiction of the industrial commission."
Based on the above rules this court held "it is obvious that any fee dispute is within the exclusive jurisdiction of the Industrial Commission and that any decision with respect to such a dispute is binding upon the parties once the parties choose to take that dispute to the Commission."Lonas, supra at 3. (Emphasis added).
Lonas is distinguishable because it involved a claim determination after a hearing, rather than a negotiated settlement and a party inLonas had filed a fee dispute with the Industrial Commission. No such filing has occurred in the case at bar. Moreover, in this case the lower court had granted Attorney Gibbs the right to intervene and assert a claim, even granting a restraining order to escrow his claimed fee and expenses.
Based on the above analysis we find that not all claims have been resolved in the proceeding below. Moreover, the order appealed does not contain language under Civ.R. 54(B) to qualify as an appealable order.
Upon further examination of the record and applicable law we find that this court's journal entry of December 18, 2000 was improvidently entered. Accordingly, the order of December 18, 2000 is vacated and set aside.
We further find that the appealed order of October 13, 2000, which sustained a motion to enforce a settlement agreement, is not a final appealable order for the reason that an outstanding claim of attorney fees has not been decided by the lower court. Accordingly, the motion to dismiss this appeal for lack of a final appealable order is sustained. Appeal dismissed. Cause remanded for final determination of the claim asserted by the intervening party. Costs of this proceeding taxed against appellant.
We further find that there was reasonable cause to file this appeal and, therefore, the motion for frivolous appeal fees under App.R. 23 filed by Attorney Gibbs is denied.
Donofrio, J., concurs, Vukovich, J., concurs, Waite, J., concurs.